IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN FOUT and NANCY FOUT,

    Plaintiffs,

v.                            Civil Action No. 1:15CV68
                                     (STAMP)

EQT PRODUCTION COMPANY,
a Pennsylvania corporation,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING IN PART AND GRANTING IN PART
DEFENDANT'S PARTIAL MOTION TO DISMISS**

I.  Background

This civil action concerns the royalty payments that the plaintiffs believe defendant EQT Production Company ("EQT") failed to pay them. The plaintiffs own an undivided interest in oil and natural gas in Wetzel County, West Virginia. EQT and the plaintiffs entered into a lease agreement, under which EQT would pay a flat-rate royalty payment in exchange for both development and production rights. In their complaint, the plaintiffs contend that EQT has underpaid the plaintiffs and incorrectly applied certain deductions to their royalty payments. In addition to those actions, the plaintiffs also believe that EQT failed to provide a "full and truthful accounting of the production from Plaintiffs' minerals and the manner in which [the] royalty [payment] was calculated." ECF No. 1. The plaintiffs assert six counts in their complaint, which are the following: (1) failure to properly

account, (2) breach of contract, (3) breach of fiduciary duties, (4) fraud, (5) negligent misrepresentation, and (6) punitive damages. EQT then filed a partial answer and a partial motion to dismiss. ECF Nos. 4 and 5, respectively. At issue now is EQT's partial motion to dismiss. ECF No. 5.

In its partial motion to dismiss, EQT seeks to dismiss Counts III and IV of the complaint, which are claims of breach of fiduciary duties and fraud (respectively). Regarding the fiduciary duties claim, EQT asserts that no fiduciary duty exists between a lessor and lessee in the oil and gas lease context. Concerning the plaintiffs' fraud claim, EQT argues that the plaintiffs failed to state that claim with sufficient particularity, as required under West Virginia law and Rule 9 of the Federal Rules of Civil Procedure. For those reasons, EQT seeks dismissal of Counts III and IV.

The plaintiffs then filed a response in opposition. ECF No. 9. In that response, the plaintiffs first state that they do not oppose dismissal of the claims asserted in Count III, which is the breach of fiduciary duties claim. As to their fraud claim, however, the plaintiffs believe that they have sufficiently pleaded that claim. In particular, the plaintiffs point to the following facts, which are found within the complaint: (1) EQT sends the royalty checks to the plaintiffs; (2) that those checks are mailed monthly; (3) those checks list deductions and charges that EQT

improperly applied; and (4) EQT prepares the royalty checks, which are signed by an EQT employee. Those facts allegedly demonstrate the time of the fraud, the place of the fraud, the content of the misrepresentations, and the identity of who made the misrepresentations. Because the complaint contains the above-listed facts, the plaintiffs argue that they satisfy the pleading standard under Rule 9 of the Federal Rules of Civil Procedure. In addition to the standard under Rule 9, the plaintiffs also argue that they satisfy the pleading standard pursuant to West Virginia law. Therefore, for those reasons, the plaintiffs believe that EQT's partial motion to dismiss as to Count IV should be denied.

EQT then filed a reply in support of its partial motion to dismiss. ECF No. 12. In that reply, EQT first points to the plaintiffs' concession as to Count III. EQT then contends that the plaintiffs have not satisfied the pleading requirements for their fraud claim. More specifically, EQT believes that the plaintiffs failed to allege "an affirmative material or false act or a concealment of fact," and thus do not satisfy the applicable standard.

For the reasons set forth below, EQT's partial motion to dismiss is granted in part and denied in part.

II. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a

court must accept all well-pled facts contained in the complaint as true. <u>Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc</u>, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." <u>Id.</u> (citing <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." <u>Wahi v. Charleston Area Med. Ctr., Inc.</u>, 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. <u>Id.</u> For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). <u>Id.</u> § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III. Discussion

As mentioned earlier, the plaintiffs do not oppose dismissal of Count III of their complaint. ECF No. 9, n.1. That count asserted that EQT breached a fiduciary duty allegedly owed to the plaintiffs. Based on the concession by the plaintiffs, EQT's partial motion to dismiss as to Count III is granted. Therefore, the only remaining count that EQT seeks to dismiss is Count IV, which is the plaintiffs' claim of fraud. For the reasons set forth below, EQT's motion as to Count IV of the complaint must be denied.

Rule 9(b) of the Federal Rules of Civil Procedure states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind

may be alleged generally." Further, the United States Court of Appeals for the Fourth Circuit has noted that the "'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" <u>Harrison v. Westinghouse Savannah River Co.</u>, 176 F.3d 776, 784 (4th Cir. 1999) (internal citations omitted). As also stated in <u>Harrison</u>, "A court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." In cases involving allegations of fraud relating to "an omission instead of an affirmative misrepresentation," however, "less particularity is required." <u>In Town Hotels Ltd. Partnership v. Marriot Int'l, Inc.</u>, 246 F. Supp. 2d 469, 487 (S.D. W. Va. 2003) (citing <u>Shaw v. Brown & Williamson Tobacco Corp.</u>, 973 F. Supp. 539, 552 (D. Md. 1997)).

In addition to the standards under Rule 9, West Virginia law provides the following essential elements in a fraud claim: "(1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; (3) that plaintiff relied on it and was justified under the circumstances in relying upon it; and (4) that he was damaged because he relied on

6

it." Syl. Pt. 5, Folio v. City of Clarksburg, 655 S.E.2d 143 (W. Va. 2007) (internal citations omitted). Further, West Virginia law recognizes that as a "general principle[,] [] an action for fraud can arise by the concealment of truth." Teter v. Old Colony Co., 441 S.E.2d 728, 734 (W. Va. 1994) (quoting Thacker v. Tyree, 297 S.E.2d 885, 888 (W. Va. 1982)).

Under the law discussed above, the plaintiffs have sufficiently pleaded their claim of fraud under both Rule 9 and West Virginia law. As to the standard set forth under Rule 9, the plaintiffs adequately pleaded the necessary facts. The plaintiffs point out that EQT has developed and sold natural gas from the plaintiffs' property. By pleading those facts, the plaintiffs identify who made the misrepresentation, which allegedly was EQT. Next, the plaintiffs state that EQT concealed material information in its monthly royalty payments. That material information included the price EQT received from production and the amount of the allegedly unauthorized deductions. Those facts demonstrate the time of the fraud and the contents of the misrepresentations. Therefore, the plaintiffs satisfy the pleading requirements under Rule 9 by pleading the 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" Harrison, 176 F.3d at 784 (internal citations omitted).

In addition to meeting the requirements pursuant to Rule 9, the plaintiffs also satisfy the pleading standard under West Virginia law. The plaintiffs first state that EQT "intentionally and knowingly concealed and/or misrepresented material information" regarding the royalty payments. By pleading that fact, the plaintiffs point out that the defendant, EQT, concealed material information from them. Next, the plaintiffs state that they "relied on the truthfulness of the royalty payments" paid by EQT. Further, they pleaded that they incurred damages by EQT's misconduct because they "were denied royalties they were properly due." Those alleged facts indicate that the plaintiffs justifiably relied on EQT's statements and were damaged because of their reliance. The above facts in the complaint satisfy the pleading standard for a claim of fraud under West Virginia law. Syl. Pt. 5, <u>Folio</u>, 655 S.E.2d at Syl. Pt. 5. Because the plaintiffs have satisfied the pleading standards under both Rule 9 and West Virginia law, EQT's partial motion to dismiss as to Count IV must be denied.

IV. <u>Conclusion</u>

For the reasons set forth above, EQT's partial motion to dismiss (ECF No. 5) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     June 16, 2015

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE