IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN FOUT and NANCY FOUT,

    Plaintiffs,

v.                                    Civil Action No. 1:15CV68
                                                    (STAMP)
EQT PRODUCTION COMPANY,
a Pennsylvania corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING WITHOUT PREJUDICE
## PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT
## AND DEFENDANT'S MOTION TO FILE A SURREPLY

### I. Background

This civil action concerns the royalty payments that the plaintiffs believe defendant EQT Production Company ("EQT") failed to pay them. The plaintiffs own an undivided interest in oil and natural gas in Wetzel County, West Virginia. EQT and the plaintiffs entered into a lease agreement, under which EQT would pay a flat-rate royalty payment in exchange for both development and production rights. In their complaint, the plaintiffs contend that EQT has underpaid the plaintiffs and incorrectly deducted post-production costs from their royalty payments. In addition to those actions, the plaintiffs also believe that EQT failed to provide a "full and truthful accounting of the production from Plaintiffs' minerals and the manner in which [the] royalty [payment] was calculated." ECF No. 1. The plaintiffs assert six counts in their complaint, which are the following: (1) failure to

properly account, (2) breach of contract, (3) breach of fiduciary duties, (4) fraud, (5) negligent misrepresentation, and (6) punitive damages. EQT filed a partial motion to dismiss Counts III and IV, which are claims of breach of fiduciary duties and fraud (respectively). This Court granted in part and denied in part EQT's partial motion to dismiss. As a result of that ruling, Count III was dismissed and Count IV still remains. Therefore, at this stage, the following counts remain: failure to properly account (Count I); breach of contract (Count II); fraud (Count IV); negligent misrepresentation (Count V); and punitive damages (Count VI).

At issue now is the plaintiffs' motion for partial summary judgment. ECF No. 23. In their motion, the plaintiffs request that this Court grant summary judgment in their favor as to their breach of contract claim (Count II). The plaintiffs argue that EQT has wrongfully deducted post-production costs, in violation of the holding in Tawney v. Columbia Natural Resources, L.L.C., 633 S.E.2d 22 (2006). The plaintiffs then turn to West Virginia Code § 22-6-8, which is sometimes referred to as the "flat rate statute." They believe that the clear language of the statute limits the deduction of post-production costs. The plaintiffs conclude their argument by asserting that EQT is violating the terms of a settlement reached in Kay Co., et al. v. Equitable

Production Company, et al., Civil Action No. 2:06-0612 ("Kay Co."), of which the plaintiffs were parties.

EQT filed a response in opposition. ECF No. 32. EQT first argues that it has not breached the terms of the lease. EQT then turns to the flat rate statute, and asserts that its royalty requirements have been altered by the statute. As to the holding of Tawney, EQT attempts to distinguish that case from the plaintiffs' case. EQT relies on the language "at the wellhead" of the flat rate statute to indicate when post-production costs are to be deducted. In support of its argument, EQT believes that the legislative history and plain language of the flat rate statute contradict the plaintiffs' assertions. EQT also contends that the terms of the prior settlement in Kay Co. have not been violated. The plaintiffs filed a reply, wherein they reassert their initial arguments. ECF No. 34. EQT then filed a motion to file a surreply, in which it seeks to dispute allegations raised in the plaintiffs' reply. ECF No. 35.

For the reasons set forth below, the plaintiffs' motion for partial summary judgment is DENIED WITHOUT PREJUDICE, and EQT's motion to file a surreply is DENIED WITHOUT PREJUDICE.

II. Applicable Law

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

However, as the Supreme Court of the United States noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial ." Anderson, 477 U.S. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application

4

of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074, 112 S. Ct. 973, 117 L.Ed.2d 137 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986).

### III.  Discussion

At issue in this civil action is West Virginia Code § 22-6-8, which is more commonly referred to as "the flat rate statute." The statute states in relevant part that the "owner of the oil or gas in place" (the plaintiffs) are to receive the following:

> [N]ot less than one eighth of the **total amount** paid to or received by or allowed to the owner of the working interest **at the wellhead for the oil or gas so extracted**, produced or marketed before deducting the amount to be paid to or set aside for the owner of the oil or gas in

5

> place, on all such oil or gas to be extracted, produced or marketed from the well.

W. Va. Code § 22-6-8(e) (2016) (emphasis added). As will be discussed below, the parties dispute what "at the wellhead" means in relation to when or if certain post-production costs may be deducted from royalties.

The primary issue in the plaintiffs' motion for partial summary judgment involves questions that this Court recently entered for certification to the Supreme Court of Appeals of West Virginia. In Patrick D. Leggett et al. v. EQT Production Co., et al., Civil Action 1:13CV4 ("Leggett"), a nearly identical issue arose: the meaning of "at the wellhead" under the West Virginia flat rate statute in light of the Supreme Court's holding in Estate of Tawney v. Columbia Natural Resources, LLC, 633 S.E.2d 22 (W. Va. 2006). Similar to the situation in this civil action, the lease in Leggett involved a flat-rate lease, and the parties disputed the meaning of "at the wellhead" in light of the flat rate statute and the holding in Tawney. In Leggett, this Court found that the phrase "at the wellhead," as used under the West Virginia flat rate statute, has not been definitively interpreted or defined. After analyzing Tawney and the flat rate statute, this Court determined that the unsettled nature of the applicable law warranted certification to the Supreme Court of Appeals of West Virginia. In its order of certification, this Court certified the following two questions:

1. Does Tawney v. Columbia Natural Resources, L.L.C., 219 W. Va. 266, 633 S.E.2d 22 (2006), which was decided after the enactment of West Virginia Code § 22-6-8, have any effect upon the Court's decision as to whether a lessee of a flat-rate lease, converted pursuant to West Virginia Code § 22-6-8, may deduct post-production expenses from his lessor's royalty, particularly with respect to the language of "1/8 at the wellhead" found in West Virginia Code § 22-6-8(e)?

2. Does West Virginia Code § 22-6-8 prohibit flat-rate royalties only for wells drilled or reworked after the statute's enactment and modify only royalties paid on a per-well basis where permits for new wells or to modify existing wells are sought, or do the provisions of West Virginia Code § 22-6-8 abrogate flat-rate leases in their entirety?

That order of certification was entered on February 10, 2016. See Leggett, ECF No. 187. This Court believes that the answers to the above questions are dispositive to deciding the merits of the plaintiffs' motion for partial summary judgment. The above-questions have only recently been submitted. Therefore, it does not appear to be proper to rule on the merits of the plaintiffs' motion at this time until the Supreme Court decides whether to answer those questions. Accordingly, the plaintiffs' motion is DENIED WITHOUT PREJUDICE, and EQT's motion to file a surreply is DENIED WITHOUT PREJUDICE.

## IV. Conclusion

For the reasons set forth above, the plaintiffs' motion for partial summary judgment is DENIED WITHOUT PREJUDICE, and EQT Production Company's motion to file a surreply is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: March 7, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE