IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN FOUT, NANCY FOUT,
J&N MANAGEMENT, LLC and
J&N MANAGEMENT ENTERPRISES, LLC,

    Plaintiffs,

v.                                      Civil Action No. 1:15CV68
                                                (STAMP)
EQT PRODUCTION COMPANY,
a Pennsylvania corporation,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**
**AND GRANTING IN PART AND DENYING IN PART**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I.    Background

This civil action concerns the royalty payments that the plaintiffs[1] believe the defendant, EQT Production Company, failed to pay them. The plaintiffs own an undivided interest in oil and natural gas in Wetzel County, West Virginia. The defendant and the plaintiffs entered into a lease agreement, under which the defendant would pay a flat-rate royalty payment in exchange for

---

[1] The original plaintiffs to this civil action were John Fout and Nancy Fout ("the Fouts"). On January 11, 2018, EQT filed a motion for an order directing the Fouts to add J&N Management, LLC and J&N Management Enterprises, LLC, the real parties in interest, as plaintiffs in this civil action. ECF No. 95. The motion represented that the Fouts had transferred all of their ownership interests in the lease premises to J&N Management, LLC and J&N Management Enterprises, LLC. At a pretrial conference and motion hearing on January 29, 2018, the parties agreed that J&N Management, LLC and J&N Management Enterprises, LLC, should be added as additional plaintiffs in this civil action. Accordingly, on February 9, 2018, this Court entered an order granting EQT's motion and adding the additional parties as plaintiffs.

both development and production rights. In their complaint, the plaintiffs contend that the defendant has underpaid the plaintiffs and incorrectly applied certain deductions to their royalty payments. In addition to those actions, the plaintiffs also believe that the defendant failed to provide a "full and truthful accounting of the production from Plaintiffs' minerals and the manner in which [the] royalty [payment] was calculated." ECF No. 1. The plaintiffs assert six counts in their complaint, which are as follows: (I) failure to properly account, (II) breach of contract, (III) breach of fiduciary duties, (IV) fraud, (V) negligent misrepresentation, and (VI) punitive damages.

Previously, the defendant filed a partial motion to dismiss Counts III and IV (the claims for breach of fiduciary duties and fraud, respectively), which this Court granted in part and denied in part. As a result of that ruling, Count III was dismissed and Count IV still remained. The plaintiffs also filed an earlier motion for partial summary judgment, requesting judgment in their favor as to Count II. Because the certified questions in Leggett would be dispositive of Count II, the Court denied without prejudice the motion for partial summary judgment. Therefore, at that stage, Counts I, II, IV, V, and VI remained.

The Supreme Court of Appeals of West Virginia then answered the Leggett certified question that was dispositive of Count II in this case. Leggett v. EQT Prod. Co., 800 S.E.2d 850 (W. Va.), cert. denied, 138 S. Ct. 472 (2017). That court held:

> [R]oyalty payments pursuant to an oil or gas lease governed by West Virginia Code § 22-6-8(e) (1994) may be subject to pro-rata deduction or allocation of all reasonable post-production expenses actually incurred by the lessee. Therefore, an oil or gas lessee may utilize the "net-back" or "work-back" method to calculate royalties owed to a lessor pursuant to a lease governed by West Virginia Code § 22-6-8(e). The reasonableness of the post-production expenses is a question for the fact-finder.

Leggett, 800 S.E.2d at 868. Thus, the answer to the certified question resolved Count II in favor of the defendant because the defendant was permitted to deduct reasonable post-production expenses under the lease governed by the flat rate statute. The Court held a status conference after the Supreme Court of Appeals of West Virginia answered the Leggett certified question, and the parties agreed that the sole remaining issue is the reasonableness of the post-production expenses actually incurred by the lessee, which is a question for the fact-finder.

The plaintiffs have now filed a partial motion for summary judgment and the defendant has filed a motion for summary for summary judgment. Both motions are fully briefed at this time and ripe for decision.

## II. Applicable Law

Under Federal Rule of Civil Procedure 56, this Court must grant a party's motion for summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the case. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A dispute of material

3

fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." Id. If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment must be granted against the plaintiff. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex, 477 U.S. at 322-23. "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992). However, "a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

### III. Discussion

Now before the Court are two pending motions for summary judgment, both of which have been fully briefed. Those motions include: (1) the plaintiffs' motion for partial summary judgment

and (2) the defendant's motion for summary judgment. Following its review of the fully briefed motions, and the memoranda and exhibits submitted by the parties, this Court finds that, for the reasons set forth below, the plaintiffs' motion for partial summary judgment must be denied and the defendant's motion for summary judgment must be granted in part and denied in part. The motions for summary judgment are discussed, in turn, below.

1. <u>Plaintiffs' Motion for Partial Summary Judgment</u>

The plaintiffs move this Court to enter an order finding that the defendant has failed to pay a fair market value to the plaintiffs for their royalties by entering into illusory or collusive arrangements on their purchase contracts with affiliates, wrongfully deducting post-production costs, and failing to pay for natural gas liquids. The plaintiffs contend that correction is necessary through punitive damages. Thus, the plaintiffs request that this Court grant them partial summary judgment holding that the defendant must pay a fair market value for their gas, may not deduct unreasonable and unnecessary charges, must pay for natural gas liquids ("NGLs"), and are liable for punitive damages as set forth in Count VI of the complaint.

In view of the <u>Leggett</u> ruling, the plaintiffs contend that they are entitled to the requested relief for four reasons. First, the plaintiffs argue that, because the defendant is paying an upstream price to the lessors, the defendant should take no deductions from royalty owners. An upstream price factors in

downstream costs.  The plaintiffs contend that, if Leggett is followed, the defendant must pay the lessors royalty based upon the enhanced value of the product when it leaves the defendant and their affiliates and finds itself on the market.

Second, the plaintiffs argue that, if the defendant pays the lessors royalty on an enhanced downstream price, the defendants can deduct only reasonable and necessary post-production costs actually incurred.  Specifically, the plaintiffs contend that only post-production costs paid on the open market, not to an affiliate, and that actually enhance the value of the gas, should be deducted from their royalty.  The plaintiffs state that the defendant "has turned deductions from royalty owners not as a pro-rata share of post-production expenses, but as a way to realize even greater profits all the while defrauding royalty owners of their rightful payments."  ECF No. 67 at 14.

Third, the plaintiffs argue that NGLs are compensable to them as lessors, which compensation is wrongfully denied by the defendant. Specifically, the plaintiffs contend that the defendant evades the law by evading the required reporting on NGLs to the State of West Virginia.  The plaintiffs contend that the defendant accomplishes the evasion of the reporting requirement by selling NGLs to its affiliates.  Thus, the plaintiffs conclude that as lessors they are once again damaged by the defendant's "illusory and collusive contracts with affiliates."  ECF No. 67 at 15.

Fourth, the plaintiffs argue that the defendant has acted willfully and maliciously in failing to pay the plaintiffs the fair market value of their product, and that this conduct can be stopped only with severe punitive damages. The plaintiffs contend that punitive damages four times the amount of actual damages is fair, reasonable, and affordable by the defendant, and that forfeiting all profits from the sale of NGLs would deter further illegal conduct.

The defendant filed a response in opposition to the plaintiffs' motion for partial summary judgment. In response the defendant argues that the motion should be denied because (1) the sole remaining issue to be decided in this case is whether the post-production expenses actually incurred and allocated to the plaintiffs are reasonable; (2) the material evidence establishes that the post-production expenses actually incurred by the defendant and proportionately allocated to the plaintiffs are reasonable; and (3) the plaintiffs waived any claim that they may have had regarding NGLs and/or punitive damages at the June 20, 2017 hearing in which they represented to the Court that the sole remaining issue in this case is whether the post-production expenses actually incurred and allocated to the plaintiffs are reasonable.

The plaintiffs filed a reply to the defendant's response in opposition. In reply, the plaintiffs argue that (1) the plaintiffs' royalty should be based on the full sales price of

7

natural gas to a non-affiliate, not on a base index rate with deductions; (2) the burden is on the defendant to show that its costs are actually incurred and reasonable, and that the defendant has not produced evidence to show that the costs it charges royalty owners are actually incurred or, if actually incurred, are reasonable to pass onto the royalty owners; (3) the defendant cannot deduct the proceeds it receives for NGLs from the lessors; and (4) punitive damages may solve the problems with the defendant.

This Court finds that the evidence presented is sufficient to create a triable issue of fact at trial concerning the reasonableness of the post-production expenses actually incurred by the lessee. The parties expressly agreed at the June 20, 2017 status conference that the sole remaining issue is the reasonableness of the post-production expenses actually incurred by the lessee, which is a question for the fact-finder. This sole remaining issue is two-part: (1) whether the post-production expenses were reasonable and (2) whether the post-production expenses were actually incurred.

This Court finds that the "actually incurred" element encompasses the plaintiffs' argument that the defendant failed to pay them a fair market value for their royalties by entering into illusory or collusive arrangements on the defendant's purchase contracts with affiliates. However, whether the defendant's contracts with its affiliates reflect post-production expenses that

were "actually incurred" is a question for the fact-finder.  Thus, this claim must be denied at the summary judgment stage.

As to the plaintiff's claims regarding NGLs and punitive damages, this Court finds that the plaintiffs made an express waiver of those claims at the July 20, 2017 status conference.  ECF No. 43 at 1.  "[W]aiver is the 'intentional relinquishment or abandonment of a known right.'" Wood v. Milyard, 566 U.S. 463, 474 (2012) (quoting Kontrick v. Ryan, 540 U.S. 443, 558 n.13 (2004)).  "Thus, a party alleged to have waived its rights must contemporaneously have known of the circumstances giving rise to [those rights]." Am. Hardware Mut Ins. Co. v. BIM, Inc., 885 F.2d 132, 138 (4th Cir. 1989).  "Waiver 'may be made by an express statement or agreement, or it may be implied from the conduct of the party who is alleged to have waived a right.'" Williams v. Tucker, 801 S.E.2d 273, 278 (W. Va. 2017) (quoting Parsons v. Halliburton Energy Servs., Inc., 785 S.E.2d 844, 850 (W. Va. 2016)).

At the status conference, the parties expressly agreed that the sole remaining issue in this civil action is the reasonableness of the post-production expenses actually incurred by the lessee.  The Court held the status conference for the specific purpose of determining what issues remained in this civil action, if any, in light of the Leggett decision.  Counsel for each party expressly stated that they had reviewed the Leggett decision and were in agreement that the sole remaining issue was the reasonableness of

9

the post-production expenses actually incurred by the lessee, and that the parties would require four months to complete discovery on that sole remaining issue. Thus, this Court finds the plaintiffs entered into an express statement and agreement waiving other issues. The Court also finds that, at the time of the waiver, the plaintiffs knew of the circumstances giving rise to the waived issues. Thus, the Court concludes that the plaintiffs relinquished their right to pursue their claims regarding NGLs and punitive damages in this civil action.

Additionally, even if the plaintiffs had not waived their punitive damages claim at the June 20, 2017 status conference, punitive damages are not an available remedy in a contract action, which this essentially is. See Warden v. Bank of Mingo, 341 S.E.2d 679, 684 (W. Va. 1985) ("[P]unitive damages are generally unavailable in pure contract actions."); Berry v. Nationwide Mut. Fire Ins. Co., 381 S.E.2d 367, 374 (W. Va. 1989) ("Generally, absent an independent, intentional tort committed by the defendant, punitive damages are not available in an action for breach of contract.").

Accordingly, the plaintiffs' motion for partial summary judgment is denied in its entirety.

2. Defendant's Motion for Summary Judgment

The defendant moves this Court for the entry of summary judgment in its favor with respect to the claims against it in this civil action. As a preliminary matter, the defendant states that

the sole issue to be decided in this case is whether the post-production expenses actually incurred and allocated to the plaintiffs on a pro-rata basis are reasonable. The defendant contends that, "[w]hile this issue would generally be one for the fact-finder, here, the undisputed facts firmly establish that the post-production costs actually incurred to gather, compress, and transport gas from the leased premises to the downstream market and which are a component of the price received by EQT for the sale of natural gas are reasonable." ECF No. 70 at 7. The defendant also contends that the plaintiffs "have failed to offer any facts, much less any material fact, to refute the evidence presented by EQT with respect to the reasonableness of the allocated costs," and, thus, that there is no material issue of fact to be resolved by a jury. ECF No. 70 at 11.

The plaintiffs filed a response in opposition to the defendant's motion for summary judgment. In response, the plaintiffs state that the defendant's memorandum in support of its motion for summary judgment contains many serious omissions and misstatements of facts. Specifically, the plaintiffs contend that (1) the "index" price the defendant pays its royalty owners is a sham and should be disregarded entirely; and (2) if the defendant pays the plaintiffs a royalty based on the interstate pipeline rate, the defendant can deduct only reasonable and necessary post-production costs that enhance the value of the product. The plaintiffs conclude that the defendant "has essentially turned the

compression, transmission and compression (midstream) of natural gas into another profit stream by charging the royalty owners for costs that are never actually incurred, not reasonable or are recouped at the final sale." ECF No. 73 at 1.

The defendant filed a reply to the plaintiffs' response in opposition. In reply, the defendant again argues that its motion should be granted because the plaintiffs have failed to present material facts sufficient to create a triable issue of fact. The defendant contends (1) that the plaintiffs' arguments concerning the "index price" were waived and provide no basis upon which to deny the defendant's motion; and (2) that the material evidence establishes that the post-production costs incurred by the defendant and allocated to the plaintiffs are reasonable.

This Court again finds that a genuine issue of material fact exists, and that the evidence presented is sufficient to create a triable issue of fact at trial concerning the reasonableness of the post-production expenses actually incurred by the defendant as lessee. Accordingly, the defendant's motion for summary judgment is denied as to the reasonableness of the post-production expenses actually incurred by the lessee.

This Court further finds that the plaintiffs did not expressly waive their claims regarding the index price the defendant pays its royalty owners because they relate to whether the post-production expenses were "actually incurred." The Court agrees with the plaintiffs that, if the index price is based on "sham" transactions

with the defendant's affiliates, then such claims go to whether the post-production expenses were "actually incurred."

This Court does find, however, that the plaintiff did expressly waive the other claims remaining in the complaint. Those claims include failure to properly account, breach of contract, fraud, negligent misrepresentation, and punitive damages. This Court finds that none of those claims are encompassed by the sole remaining issue of the reasonableness of the post-production expenses actually incurred by the lessee. As is discussed above, the plaintiffs expressly agreed that no other issues remained and thus waived any other issues at the June 20, 2017 status conference.

Accordingly, the defendant's motion for summary judgment is granted as to the claims for failure to properly account, breach of contract, fraud, negligent misrepresentation, and punitive damages. The Court finds that each of those claims was waived at the June 20, 2017 status conference, and that none of those claims goes to the sole remaining issue of the reasonableness of the post-production expenses actually incurred by the lessee. Additionally, as is discussed above, punitive damages are not an available remedy in a contract action.

The defendant's motion for summary judgment is denied as to the reasonableness of the post-production expenses actually incurred by the lessee because this Court finds that the evidence

presented is sufficient to create a triable issue of fact as to this issue.

IV. Conclusion

For the above reasons, the plaintiffs' motion for partial summary judgment (ECF No. 66) is DENIED and the defendant's motion for summary judgment (ECF No. 69) is GRANTED IN PART and DENIED IN PART. The defendant's motion for summary judgment is granted as to the claims for failure to properly account, breach of contract, fraud, negligent misrepresentation, and punitive damages. The defendant's motion for summary judgment is denied as to the sole remaining issue of the reasonableness of the post-production expenses actually incurred by the lessee, which is a question for the fact-finder.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    April 2, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE