IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN FOUT, NANCY FOUT,
J&N MANAGEMENT, LLC and
J&N MANAGEMENT ENTERPRISES, LLC,

    Plaintiffs,

v.                                 Civil Action No. 1:15CV68
                                              (STAMP)

EQT PRODUCTION COMPANY,
a Pennsylvania corporation,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION TO ALTER OR
AMEND JUDGMENT PURSUANT TO RULE 59 OF
THE FEDERAL RULES OF CIVIL PROCEDURE**

I. Background

Following the jury trial of this civil action, the plaintiffs have filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59.[1] The plaintiffs argue that the judgment should be altered or amended for the following reasons: (1) the defendant, EQT Production Company, has no authority to deduct taxes from the plaintiffs; (2) the plaintiffs are entitled to a 1/8 royalty without deductions as a matter of law; (3) the defendant failed to follow Leggett v. EQT Production Company, 800 S.E.2d 850 (W. Va.) ("Leggett II"), cert. denied, 138 S. Ct. 472 (2017) in performing its "net back" or "work back" royalty calculation; and (4) without a written policy detailing deductions,

---

[1] For a more thorough background of this civil action, see ECF No. 153.

the defendant's policy is arbitrary and vague and not enforceable in law.

As to the defendant's authority to deduct taxes from the plaintiffs' royalties, the plaintiffs argue that only the legislature has the power to tax, and that the defendant has no such power. Furthermore, the plaintiffs assert that, by law, the taxes at issue are imposed on the producer, and that <u>Leggett II</u> said nothing about a shifting of the burden of the producer's tax to the royalty owner. As to the plaintiffs' entitlement to a 1/8 royalty without deductions, the plaintiffs argue that the written agreement between the defendant and the West Virginia Department of Environmental Protection controls the royalty distribution. The plaintiffs contend that the agreement requires that the defendant pay a 1/8 royalty to the plaintiffs and was never modified to permit deductions. The plaintiffs allege that the defendant adopted a verbal deduction policy in 2012, but that the defendant's agreement with the West Virginia Department of Environmental Protection was never modified to reflect the verbal deduction policy. Thus, the plaintiffs argue that the defendant must follow its written agreement with the West Virginia Department of Environmental Protection and ignore its oral policy permitting deductions.

As to whether the defendant followed <u>Leggett II</u> in its royalty calculations, the plaintiffs argue that the defendant's use of its

2

index price violates West Virginia law because Leggett II requires that the downstream price be compared to the wellhead price. Lastly, the plaintiffs argue that the defendant's oral deduction policy is unenforceable because the defendant agreed in writing to pay the plaintiffs a 1/8 royalty. The plaintiffs conclude that the April 11, 2018 verdict is contrary to law and must be altered. Accordingly, the plaintiffs request a judgment restoring to the plaintiffs all royalties due to them, including general deductions and deductions for taxes.

The defendant filed a response in opposition to the motion, in which it argues that there is no valid basis in either fact or law to grant the relief requested by the plaintiffs. The defendant cites this Court's standard for granting a motion under Rule 59: "The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Moore v. Life Ins. Co. of N. Am., 708 F. Supp. 2d 597, 614 (N.D. W. Va. 2010), aff'd, 439 F. App'x 245 (4th Cir. 2011) (citing Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)). The defendant notes that the plaintiffs do not argue that there has been a change in controlling law or that any new evidence has come

to light, but rather appear to argue that there has been clear error of law.

The defendant argues that there has been no clear error of law. First, the defendant contends that this Court's prior rulings were correct and that there is no basis upon which to reconsider or amend them. The defendant asserts that each of the plaintiffs' alleged grounds for their Rule 59 motion have already been considered and ruled upon by this Court either in its Memorandum Opinion and Order Denying Plaintiffs' Motion for Partial Summary Judgment or its Memorandum Opinion and Order Regarding Defendant's Motions in Limine. The defendant again cites Moore, which states that "[a] Rule 59(e) motion may not be used to relitigate old matters and is an extraordinary remedy that should be used sparingly . . . . It is improper to use such a motion to ask the court to 'rethink what the court has already thought through-rightly or wrongly.'" Id. (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va.1983)).

Second, the defendant addresses the exhibits attached to the plaintiffs' motion. The exhibits include Form WW-6A1 documents filed by the defendant with the West Virginia Department of Environmental Protection in connection with the wells at issue. The defendant argues the exhibits were not offered as evidence at trial and do not constitute new evidence unavailable at trial. Thus, the defendant contends that the exhibits cannot provide a

basis upon which to alter or amend this Court's prior rulings or the judgment in this case. See id. at 614-15 ("Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." (quoting Pacific Ins. Co., 148 F.3d at 403)).  Even so, the defendant contends that the Form WW-6A1 documents do not modify or overrule the applicable law because, as a result of Leggett II, there is no dispute that West Virginia Code § 22-6-8 governs the royalties at issue in this case.

The plaintiffs did not file a reply to the defendant's response in opposition.  For the reasons set forth below, the plaintiffs' motion to alter or amend judgment is denied.

## II. Applicable Law

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment under Federal Rule of Civil Procedure 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).  "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the

ability to address in the first instance." Id. A Rule 59(e) motion may not be used to relitigate old matters and is an extraordinary remedy that should be used sparingly. Id. It is improper to use this motion to ask the court to "rethink what the court ha[s] already thought through — rightly or wrongly." <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983).

### III. Discussion

This Court finds that the plaintiffs' motion does not satisfy any of the three grounds for amending an earlier judgment under Rule 59(e). The plaintiffs do not assert that there has been a change in the controlling law or that new evidence has come to light that was not available at the time of trial. Rather, the plaintiffs appear to rely on the third ground under Rule 59(e), asserting that there has been a clear error of law or manifest injustice.

The plaintiffs first allege that the judgment should be altered because the defendant has no authority to deduct the producer's severance taxes from the plaintiffs. This Court previously ruled on this issue in its order on the plaintiffs' motion for partial summary judgment, finding that "the issue of deducting severance taxes is commensurate with the defendant's burden of proving by a preponderance of the evidence whether the deductions of post-production expenses were reasonable and actually

6

incurred." ECF No. 157 at 1. At trial, the jury found that the post-production expenses, including severance taxes, were reasonable and actually incurred, and, accordingly, this Court entered judgment for the defendant. ECF Nos. 169 and 170. This Court finds that the plaintiffs have not presented any evidence that this Court's order or judgment, as each relates to the severance tax issue, amounts to a clear error of law or manifest injustice. Thus, this Court finds that judgment should not be altered or amended on this ground.

The plaintiffs next allege that the judgment should be altered because they are entitled to a 1/8 royalty without deductions. This Court previously granted the defendant's motion in limine seeking to preclude argument or evidence that royalties paid to the plaintiff should be paid without deduction or allocation of post-production costs. ECF No. 158 at 14-15. Specifically, this Court ruled that "any argument that EQT should pay the plaintiffs royalties without deduction or allocation of any post-production costs is contrary to Leggett [II]. Under Leggett [II], EQT is permitted to deduct post-production expenses from the plaintiffs' royalty payments that are reasonable and actually incurred by the lessee." ECF No. 158 at 15. This Court finds that judgment should not be altered or amended on this ground because the plaintiffs have not presented any evidence that this Court's order on the

7

motion in limine amounted to a clear error of law or manifest injustice.

Also in support of the allegation that they are entitled to a 1/8 royalty without deductions, the plaintiffs attach to their motion Form WW-6A1 documents filed by the defendant with the Department of Environmental Protection in connection with the wells at issue. However, the plaintiffs did not offer the documents as exhibits at trial and do not argue that the documents were unavailable before the trial. Thus, the Court cannot reconsider its prior orders or judgment at this time based on the attached documents. See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d at 403 ("Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."). And, even if the Court could consider the documents, the documents would not change the applicable law as set forth in Leggett II. See Leggett II, 800 S.E.2d at 853 ("Royalty payments pursuant to an oil or gas lease governed by West Virginia Code § 22-6-8(e) (1994) may be subject to pro-rata deduction or allocation of all reasonable post-production expenses actually incurred by the lessee.").

The plaintiffs also allege that the judgment should be altered because the defendant failed to follow Leggett II in performing its

8

"net back" or "work back" royalty calculation.  This Court ruled on this issue in its Memorandum Opinion and Order Denying Plaintiffs' Motion for Partial Summary Judgment and Granting in Part and Denying in Part Defendant's Motion for Summary Judgment.  ECF No. 153.  This Court found that "the evidence presented is sufficient to create a triable issue of fact at trial concerning the reasonableness of the post-production expenses actually incurred by the lessee."  ECF No. 153 at 8.  At trial, the jury found that the royalty calculations were reasonable and that the post-production expenses were actually incurred, and, accordingly, this Court entered judgment for the defendant.  ECF Nos. 169 and 170.  This Court finds that the plaintiffs have not presented any evidence that this Court's order or judgment, as each relates to the royalty calculation, amounts to a clear error of law or manifest injustice.  Thus, this Court finds that judgment should not be altered or amended on this ground.

Lastly, the plaintiffs allege that the judgment should be altered or amended because, without a written policy detailing deductions, the defendant's policy is arbitrary and vague and not enforceable in law.  This issue has also previously been addressed by this Court.  During trial, this Court approved the parties' stipulation agreeing that the defendant has no written policy regarding deductions, and the Court read the stipulation to the jury at the close of evidence at trial.  ECF No. 164 at 1.  The

Court also instructed the jury that the lack of a written policy is a fact that the jury may consider in determining whether the post-production expenses allocated to the plaintiffs were reasonable. This Court finds that judgment should not be altered or amended on this ground because the plaintiffs have not presented any evidence showing that the jury's consideration of the lack of a written policy amounts to a clear error of law or manifest injustice.

IV. Conclusion

For the foregoing reasons, the plaintiffs' motion to alter or amend judgment under Rule 59 (ECF No. 175) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: July 26, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE