IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


JOHN FOUT, NANCY FOUT,
J&N MANAGEMENT, LLC and
J&N MANAGEMENT ENTERPRISES, LLC,

      Plaintiffs,

v.                              Civil Action No. 1:15CV68
                                       (STAMP)

EQT PRODUCTION COMPANY,
a Pennsylvania corporation,

      Defendant.


**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFFS' MOTION TO ALTER JUDGMENT**

### I.  Background

Following the jury trial of this civil action, the plaintiffs have filed a motion to alter judgment pursuant to Federal Rule of Civil Procedure 60.[1]  ECF No. 181.  The plaintiffs argue that the judgment should be altered or amended for the following reasons: (1) the defendant, EQT Production Company ("EQT"), has a written policy dealing with the deductions, which is a contradiction to and misrepresents the oral policy, thereby prejudicing the plaintiffs; and (2) in order to comply with the laws of West Virginia, specifically West Virginia Code § 22-6-8, the written policy of EQT should be followed.  Id. at 5-9.  The plaintiffs cite Kay Co., LLC v. EQT Production, Civil Action No. 1:13-CV-151, and request that

---

[1]The plaintiffs do not specify which part of Federal Rule of Civil Procedure 60 pursuant to which they file their motion to alter judgment.

this Court "restore[] [ ] their correct rental payments."  Id. at 6, 9.

The defendant filed a response in opposition to the motion, in which it asserts that the plaintiffs are simply dissatisfied with the jury's verdict in this case and that they are barred by the doctrine of res judicata from joining the class and class settlement in Kay Co.  ECF No. 183 at 3.  The defendant cites the United States Court of Appeals for the Fourth Circuit, explaining that a Rule 60(b)(3) motion should be granted if: "(1) the moving party has a meritorious defense; (2) the misconduct is proved by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case."  Columbia Communications Corp. v. EchoStar Satellite Corp., 2 F. App'x 360, 366 (4th Cir. 2001) (citing Shultz v. Butcher, 24 F.3d 626, 630 (4th Cir. 1994).  Id. at 4.  The defendant asserts that the plaintiffs do not meet any of these prongs.  Id. at 4-5.

The plaintiffs did not file a reply to the defendant's response in opposition.

## II.  Discussion

Because the plaintiffs have not filed their motion or attached memorandum pursuant to a particular part of Federal Rule of Civil Procedure 60, this Court will proceed to analyze the plaintiffs' motion under each part of Federal Rule of Civil Procedure 60.

A.  Rule 60(a)

Federal Rule of Civil Procedure 60(a) provides that a court "may correct clerical mistakes or mistakes arising from oversight or omission."  Fed. R. Civ. P. 60(a); see also Am. Trucking Ass'ns v. Frisco Transp. Co., 358 U.S. 133, 145, 79 S. Ct. 170, 177, 3 L.Ed.2d 172, 26 P.U.R.3d 527 (1958) ("It is axiomatic that courts have the power and the duty to correct judgments which contain clerical errors or judgments which have issued due to inadvertence or mistake.").  "[T]he scope of a court's authority under Rule 60(a) to make corrections to an order or judgment is circumscribed by the court's intent when it issued the order or judgment." Sartin v. McNair Law Firm PA, 756 F.3d 259, 266 (4th Cir. 2014).

Plaintiffs have failed to identify any clerical mistake or correction necessary to conform the judgment to the Court's intent. Therefore, any request for relief under Rule 60(a) is denied.

B.  Rule 60(b)

Federal Rule of Civil Procedure 60(b) provides that a court may, upon motion or upon such terms as are just, relieve a party from a final judgment, order, or proceeding for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an

3

earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "The extraordinary remedy of Rule 60(b) is only to be granted in exceptional circumstances." Wilson v. Thompson, No. 04-1099, 2005 WL 1607760, at *1 (4th Cir. July 11, 2005) (unpublished) (citing Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979).

1. Rule 60(b)(1)

"To obtain relief under [ ] Rule [60(b)(1)], a party must demonstrate[, among other things,] that he was not at fault and that the nonmoving party will not be prejudiced by the relief from the judgment." Home Port Rentals, Inc. v. Ruben, 957, F.2d 126, 132 (4th Cir. 1992). Moreover, "when a party is blameless, his attorney's negligence qualifies as a 'mistake' or as 'excusable neglect' under Rule 60(b)(1)." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting, 843 F.2d 808, 811 (4th Cir. 1988). "When the party is at fault, the [judicial system's need for finality and efficiency in litigation] dominate[s] and the party must adequately defend its conduct in order to show excusable neglect." Id.

Plaintiffs have not alleged any "mistake, inadvertence, surprise, or excusable neglect[,]" that would warrant the extraordinary remedy of Rule 60(b). Therefore, any request for relief under Rule 60(b)(1) is denied.

2.   Rule 60(b)(2)

A party seeking relief under Rule 60(b)(2) must demonstrate that the "newly discovered evidence" was "of such a material and controlling as [would] probably [have] changed the outcome." Schultz v. Butcher, 24 F.3d 626, 631 (4th Cir. 1994) (alteration in original; internal quotation marks omitted).

The plaintiffs have failed to show that any newly discovered evidence is present in this case.  The plaintiffs reference Kay Co. and West Virginia Code § 22-6-8.  First, even if this Court were to construe the settlement as "evidence" for purposes of Rule 60(b)(2), the defendant correctly notes that the terms of the Kay Co. class settlement reflect a settlement of claims negotiated after litigation between the parties to that case.  Specifically, the plaintiffs have failed to demonstrate how the Kay Co. settlement is evidence that would probably have changed the outcome in this case.  Second, to the extent that plaintiffs assert that the modification of West Virginia Code § 22-6-8 entitles the plaintiffs to relief under Rule 60(b), this Court will consider that argument in the sections of this memorandum opinion and order that discusses potential relief under Rule 60(b)(5) or (b)(6).  See Atwell v. Equifax, Inc., 86 Fed. R. Serv. 2d 1209 (D. Md. May 6, 1980) ("A petition to vacate a judgment based on a change in law is normally considered under either (b)(5) or (b)(6) of Rule 60").

3.  Rule 60(b)(3)

There are three factors that a moving party must establish in order to prevail on a Rule 60(b)(3) motion:

> (1) the moving party must have a meritorious defense; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case.

Schultz v. Butcher, 24 F.3d 626, 630 (4th Cir. 1994).

As defendant correctly notes, the plaintiffs are restating the merits of the claims and arguments that were previously rejected. See ECF No. 183 at 4.  Further, the plaintiffs have not alleged misconduct by the defendant.  Therefore, the plaintiffs are not entitled to relief under Rule 60(b)(3).

4.  Rule 60(b)(4)

As the Fourth Circuit explained, "[a] judgment is not 'void' under Rule 60(b)(4) merely because it is erroneous."  Cromer v. Kraft Foods North Am., 390 F.3d 812, 817 (4th Cir. 2004); see also Baumlin & Ernst, Ltd., 637 F.2d 238, 242 (4th Cir. 1980) ("The judgment, therefore, may, at most, have been erroneous, but any error, if it indeed existed, could have been attacked on appeal. Error, however, does not make the judgment void and, therefore, Fed. R. Civ. P. 60(b)(4) is inapplicable.").  A judgment is "void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law."  Eberhardt v. Integrated Design & Constr., 167 F.3d 861, 871 (4th Cir. 1999) (quoting

6

Schwartz, 976 F.2d at 217); see also United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010) ("Federal courts considering Rule 60(b)(4) motions that assert a judgment is void of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an arguable basis for jurisdiction.") (internal quotation marks omitted). A court should "narrowly construe the concept of a 'void' order under Rule 60(b)(4) . . . because of the threat to finality of judgments and the risk that litigants . . . will use Rule 60(b)(4) to circumvent an appeal process they elected not to follow." Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir. 2005); see also Girardi v. Heep, 203 F.3d 820 (Table), 2000 WL 1287, at *2 (4th Cir. Dec. 30, 1999) ("Finality concerns and the danger that litigants will use motions under Rule 60(b)(4) to eschew the appellate process require that we narrowly construe the concept of a void judgment."). Therefore, relief under a Rule 60(b)(4) motion is "an extraordinary remedy." Garcia Fin. Group, Inc. v. Virginia Accelerators Corp., 3 F. App'x 86, 88 (4th Cir. 2001).

Here, this Court clearly had more than an arguable basis for exercising jurisdiction. Moreover, the plaintiffs do not allege that this Court acted inconsistent with due process of law. Lastly, the plaintiffs chose not to appeal this civil action to the Fourth Circuit Court of Appeals. Therefore, to the extent that plaintiffs' motion seeks relief under Rule 60(b)(4), such relief is denied.

5.  <u>Rule 60(b)(5)</u>

Subsection (b)(5)of Rule 60 provides:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
>                    . . .
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.

Fed. R. Civ. P. 60(b)(5).

Plaintiffs do not specify which of the particular grounds under Rule 60(b)(5) should apply to this case. However, this Court finds, and as the defendant correctly notes, none of the grounds, i.e. "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application[,]" apply. Plaintiffs reference <u>Kay Co.</u> and a modification in West Virginia Code § 22-6-8. First, as the defendant correctly notes, the terms of the <u>Kay Co.</u> class settlement do not establish any policy. Second, even if this Court were to construe the plaintiffs' references to the <u>Kay Co.</u> settlement and West Virginia Code § 22-6-8 as assertions that there has been a change in law or a change in judicial view of the applicable law, such changes, after a final judgment, are not

8

bases for vacating a judgment entered before announcement of such changes.  See Wright & Miller, supra § 2863, at 204; <u>Nunnery v. Barber</u>, 23 Fed. R. Serv. 2d 232 (4th Cir. 1977); 7 Moore's Federal Practice 60.23(3) at 325; Comment, <u>Pierce v. Cook & Co.: Change in State Law as a Ground for Relief from a Federal Judgment</u>, 124 U. Pa. L. Rev. 843, 850 (1976); <u>see also</u> <u>Atwell v. Equifax, Inc.</u>, 29 Fed. R. Serv. 2d 1209 (D. Md. May 6, 1980) ("The weight of authority in the Fourth Circuit and in other circuits is that a change in a rule of law is insufficient to warrant reopening a final judgment."); <u>Schwartz v. U.S.</u>, 129 F.R.D. 117, 121 (D. Md. Jan. 25, 1990) ("It is thus the settled rule that a change in the judicial view of the applicable law, after a final judgment, is not a basis for vacating a judgment entered before announcement of the change.") (internal quotation marks omitted).

6.  <u>Rule 60(b)(6)</u>

Subsection (b)(6) of Rule 60 allows a court to grant Rule 60(b) relief for "any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b)(6).  "[C]lause (6) and the first five clauses are mutually exclusive and [ ] relief cannot be had under clause (6) if it would have been available under the earlier clauses."  11 C. Wright & A. Miller, Federal Practice and Procedure: Civil, § 2864 (1973).  "[T]he language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to

enable them to vacate judgments whenever such action is appropriate to accomplish justice." Klapprot v. United States, 335 U.S. 601, 614-15, 69 S. Ct. 384, 390-91, 93 L.Ed. 266 (1949).

The consequences resulting from a conscious decision regarding the process of litigation is not covered by Rule 60(b)(6). See Schwartz, 129 F.R.D. at 121 ("[I]f a party makes a free and conscious choice regarding the conduct of litigation, he cannot be granted relief under Rule 60(b)(6) from the consequences of that decision."); see also Ackermann v. United States, 340 U.S. 193, 196 71 S. Ct. 209, 211 95 L.Ed. 207 (1950).

Plaintiffs, here, made a conscious decision in stipulating, and thereby narrowing the issue to be decided at trial. Specifically, the parties stipulated that the "sole remaining issue is the reasonableness of the post-production expenses actually incurred by the lessee." ECF No. 43 at 1. The plaintiffs have not shown "exceptional" circumstances that would justify relief under

subsection (6).[2]  Therefore, to the extent plaintiffs' motion seeks relief under Rule 60(b)(6), such relief is denied.

### III.  Conclusion

For the reasons described above, plaintiffs' Rule 60(b) motion to alter judgment (ECF No. 181) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    August 5, 2019


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[2]This Court notes, as explained in Securities and Exchange Commission v. Tsao, 317 F.R.D. 31, 36 n. 2 (D. Md. Apr. 4, 2016) that:

> [t]he 'exceptional' or 'extraordinary' circumstances requirement is sometimes framed as a prerequisite to Rule 60(b) relief in general, and sometimes more narrowly described as an element of the Rule 60(b)(6) catchall. Compare Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) ("To bring himself within Rule 60(b), the movant must make a showing of . . . exceptional circumstances") with Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011) (requiring "extraordinary circumstances" for applications of subsection (6) in particular).